**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CRST EXPEDITED, INC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-20-954-R |
| | ) | |
| SCOTT THURMOND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Plaintiff filed this interpleader action seeking an order of the Court directing the distribution of a judgment entered in favor of Defendants Scott Thurmond and Jocelyn McGee following a jury trial. The jury awarded Mr. Thurmond $20,000 in damages and Ms. McGee $10,000 for injuries suffered in an accident the jury concluded was caused by an employee of CRST acting within the scope of his employment. Both Mr. Thurmond and Ms. McGee had medical bills affiliated with the accident that exceed the amount of their respective judgments. As a result, CRST Expedited filed this interpleader action seeking a determination as to how much each of the competing claimants should be paid. CRST Expedited paid into the Court via the office of the Clerk of Court, the amount awarded to each Plaintiff plus interest. Plaintiff now seeks dismissal from this action and an award of attorney's fees for the work associated with the filing of this interpleader action. Defendants Thurmond, McGee and Carr & Carr, the claimants' counsel at trial, are the

only Defendants that responded to the motions. Upon consideration of the motions, as set out more fully herein, the Court finds as follows.[1]

CRST Expedited seeks $3,492.00 in attorney's fees and costs of $620.29 from the $30,000 judgment entered against it.[2] As noted above, the responding Defendants do not assert that the fees and costs are unreasonable, but object to the amounts being paid to Plaintiff first, because to permit Plaintiff to recoup its fees first will upset previously negotiated reductions in certain of the medical liens.[3]

"Interpleader is a statutory remedy that offers 'a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (quoting 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1704 (3d ed. 2001)); *see also* 28 U.S.C. § 1335. Typically, interpleader actions proceed in two stages. *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*,

---

[1]  As part of their response to the Motion for Attorney's Fees, the responding Defendants seek an order disbursing the litigation costs to Carr & Carr, allocating the remaining money to medical providers, and forcing the non-cooperating providers—those that would not reduce their liens—to bear the attorneys' fees requested by CRST Expedited. The Court declines to address these requests, made in response to a motion, which go to the underlying merits of the distribution of the amount paid into the Court by CRST. Additionally, certain of the medical providers did not file answers after having been served, and as a result are not entitled to recover any portion of the money paid into the Court. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Life Ins. Co. of N. Am. v. Jenkins-Dyer*, No. 08-CV-2129 KHV, 2009 WL 1559778, at *1 (D. Kan. May 29, 2009). Plaintiff has not sought Clerk's entry of default against any of the unresponsive Defendants.

[2]  CRST does not distinguish between the two individual Plaintiffs, although each of the medical liens and the costs and expenses Plaintiff's counsel seeks to recover are presented as to each individual Plaintiff.

[3]  Carr & Carr, counsel for Mr. Thurmond and Ms. McGee, have waived their contingency fee in an effort to ensure payment of medical liens without any remaining debt for their clients. Counsel requests that the Court extinguish any debt beyond that which is divided by the Court in this action. The Court declines the request, given that neither Mr. Thurmond nor Ms. McGee made such a request in a pleading served upon all of the lienholders of record.

353 F. App'x 244, 249 (11th Cir. 2009). During the first stage, the Court determines if the interpleader is proper and whether the stakeholder should be discharged from further liability. *Id*. Discharge is appropriate when the stakeholder is disinterested, i.e., it makes no claim to the res and "ha[s] no interest in the outcome of the dispute between the claimants." *Id.* at 249. "The interpleader statute provides that a party may bring an interpleader action if the party has in its possession property valued at $500 or more to which 'two or more adverse claimants, of diverse citizenship, . . . are claiming or may claim' ownership." *In re Millennium Multiple Emp. Welfare Benefit Plan*, 772 F.3d 634, 639 (10th Cir. 2014) (quoting 28 U.S.C. § 1335). These requirements are met here, and therefore, the Court may discharge the interpleader plaintiff of any further liability, thereby allowing CRST Expedited to withdraw, leaving the interpleader defendants to prosecute their competing claims to the disputed property among themselves. Accordingly, because Plaintiff CRST has paid the underlying judgment amount, plus interest, to the Clerk, the Court hereby GRANTS its motion to dismiss, and it is relieved from further obligation with regard to the March 13, 2020 judgment in *Thurmond v. CRST Expedited, Inc.*, Case No. CIV-18-1142-R.

The Court turns to Plaintiff's next request, that it be awarded its fees and costs for initiating this interpleader action. The Tenth Circuit has recognized "the common practice" of awarding attorney fees to an interpleader stakeholder. *U. S. Fid. & Guar. Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir. 1975). However, whether to award fees is left to the discretion of the court. *Transamerica Premier Ins. Co. v. Growney*, 70 F.3d 123, No. 94-3396, 1995 WL 675368, at *1 (10th Cir. Nov. 13, 1995). If the Court exercises its discretion to grant

fees the party seeking such fees bears the burden of showing that the requested rates "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (citation and internal quotation marks omitted). "A reasonable fee is the product of a reasonable rate in the relevant community multiplied by the number of hours reasonably spent on the litigation." *Lippoldt v. Cole*, 468 F.3d 1204, 1222 (10th Cir. 2006) (citations omitted).

In support of its application for attorney's fees Plaintiff submits the affidavit of attorney Chad Taylor who avers that $250.00 is a reasonable hourly rate for attorney Thomas Askew and that $95.00 per hour is a reasonable rate for legal assistant Madona Vasquez. (Doc. No. 37-2, ¶ 3). He further avers that the legal services provided by both were "reasonable and necessary." (*Id.* ¶ 4). As noted above, the Defendants that responded to the motion do not challenge the rate or the number of hours expended by CRST in pursuing this interpleader action. The Court finds both the hours expended and the rates reasonable Accordingly, the Court hereby GRANTS Plaintiff's Motion for Attorney's Fees and Costs in the amount of $4,112.29.[4] CRST is hereby DISMISSED from this action.

The Clerk of Court shall distribute $4,112.29 of the Interpled Funds to Rigg, Abney, Turpen, Orbison & Lewis and mail it to the attention of Thomas Askew of the firm at 502

---

[4]  CRST does not distinguish between the time expended in support of the motion as it relates to the individual Defendants. Having reviewed the billing sheets submitted by counsel and the liens submitted it appears that work toward ascertaining the various medical liens was equally divided between Mr. Thurmond and Ms. McGee. As a result, the Court attributes half of this amount to each Defendant and $2,056.14 shall be attributed to Ms. McGee and $2,056.15 to Mr. Thurmond's jury award.

W. Sixth Street, Tulsa, Oklahoma 74119. The distribution of the remainder of the Interpled

Funds will be determined at a later date.

      **IT IS SO ORDERED** this 11th day of March 2020.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**